IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41441
Conference Calendar
_____


ERNEST GUERRA,

                                        Plaintiff-Appellant,

versus

BETTY JESTER, RN; CLIFFORD R. ENGLISH, LVN;
REGINALDO STANLEY, Medical Director; TEXAS
DEPARTMENT OF CRIMINAL JUSTICE PRISON SYSTEM,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-132
--------------------
October 26, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ernest Guerra (TDCJ # 642307) appeals the district court's

dismissal as frivolous of his pro se and in forma pauperis (IFP)

civil rights complaint wherein he asserted that the defendants

used "excessive force" against him by putting some sort of

chemical in his food and that he was denied medical treatment on

various occasions.  The district court determined that the

complaint was frivolous after conducting a hearing pursuant to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  Guerra timely appealed and was granted leave to appeal IFP.

Guerra's own testimony at the Spears hearing rebuts his assertion that he was denied medical care.  See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  Moreover, none of his allegations relate to a medical condition that posed a substantial risk of serious harm.  See Farmer v. Brennan, 511 U.S. 825, 847 (1994).  With regard to the food-tampering allegation, the district court gave Guerra the opportunity to present additional facts which supported his food-tampering claims.  Not only did Guerra fail to support his claim, he admitted that he was only guessing when he speculated that his medical conditions were the result of the alleged poisoning.  We reject Guerra's attempts to set forth a number of claims relating to incidents which occurred after he was transferred from the Telford Unit.  See Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1428 (5th Cir. 1996)(en banc).

Guerra's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.  The dismissal of this appeal and the dismissal as frivolous by the district court each count as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Guerra therefore has two "strikes" under 28 U.S.C. § 1915(g).  We caution Guerra that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in

any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).  All outstanding motions are DENIED.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED; MOTIONS DENIED.